

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 11, 1958

Honorable Wm. J. Burke
Executive Director
State Board of Control
Austin, Texas

Dear Mr. Burke:

Opinion No. WW-499

Re: Authority of the State
Board of Control to
modify and alter the
permanent entrances in-
to the Capitol grounds.

      You have requested an opinion concerning your auth-
ority to change the design of the drive entrances and exits
of the Capitol grounds located adjacent to the corner of Con-
gress Avenue and Eleventh Street. Attached to your request
is a map or plat showing the proposed change in the driveways
providing for the entrance and exit of traffic into and out
of the Capitol grounds.

      The proposed change contemplates a widening of that
part of the driveways providing for the entrance and exit
located adjacent to the corner of Congress Avenue and
Eleventh Street in the City of Austin, and eliminating the
ninety degree turns existing at the present time. You state
that the purpose of this proposed change is as follows:

> "The fact that a serious bottleneck
> exists at the 11th Street junction with
> the west drive of the Capitol creates a
> necessity for consideration of changes
> in design of the outlet. The change in
> design would move (slightly to the west)
> the ornamental stone column adjacent to
> the drive outlet and would necessitate
> the removal of approximately 4' of the
> iron fence in order to straighten out the
> offset in the west Capitol Drive; the
> ornamental column would be <u>replaced</u> on
> its foundation and the fence reconnected.

Honorable Wm. J. Burke, page 2 (WW-499).

We merely propose to eliminate the off-sets in the west driveway and to provide for freer access to 11th Street. A similar change would be required on the east drive in the moving of the ornamental column (slightly to the east), shortening of the fence, and its subsequent reconnection to the ornamental column. Each of the changes proposed will involve a slight change in the radius of the curbs bordering 11th Street.

"The changes proposed would eliminate the existing blockade of sidewalks on both the west and east drives. An inspection of the area will reveal that the sidewalk terminates near the fence, that in order to obtain access to the street it is necessary for pedestrians within the Capitol grounds and on the sidewalk to step out into the drive in order to get around the end of the fence and the ornamental column. Our proposal would provide a sidewalk connection with the curb area without the existent danger that is inherent in the present situation. We believe that we should correct difficulties relating to pedestrian and vehicular movements within the Capitol grounds; the correction will improve the external appearance of the grounds, particularly on the 11th Street side."

Your specific questions are:

"1. If the obligation to maintain, repair, supervise, etc., includes the grounds and driveways, does the Board of Control have authority to modify the entrance to the Capitol drives to conform with proposed design indicated on the attached print?

"2. Does Article 861B of the Penal Code prohibit such modification of the entrance ways under the terminology of Sections 1 and 6?

"3.    Does Article 861B of the Penal Code
abrogate any of the authority, ex-
pressed or implied, conveyed by
Articles 667 and 670 (VCS)?

"4.    Does the Board of Control now have
full authority to proceed to make
the modifications of the drives in
the event such should be necessary?"

Section 1 of Senate Bill 437, Acts of the 55th
Legislature, Regular Session, 1957, Chapter 313, page 758,
codified in Vernon's as Article 861b, Vernon's Penal Code,
provides:

"It shall be unlawful, without the prior
express consent of the Legislature, for any
officer of this state or any employee thereof
or any other person to construct, build, erect
or maintain any building, structure, memorial,
monument, statute, concession or any other
structure including creation of parking areas
or the laying of additional paving on any of
the grounds that surrounded the State Capitol
on January 1, 1955, and which grounds were then
bounded by Eleventh, Brazos, Thirteenth and
Colorado Streets, in the City of Austin, Texas,
whether such land lay inside or outside the
fence enclosing part of the grounds; provided,
however, that paved access and underground
utility installations may be constructed and
maintained; provided further, that the pro-
visions of this Act shall not apply to the
Supreme Court Building, according to the ap-
proved plans dated October 29, 1956, nor to
the State Office Building, according to the
approved plans dated November, 1956."

Sections 2 and 3 provide for the penalties for viola-
tion of the provisions of Section 1 of the Act.

Section 1 of Article II of the Constitution of Texas,
provides as follows:

"Section 1.  The powers of the Govern-
ment of the State of Texas shall be divided
into three distinct departments, each of which
shall be confided to a separate body of magis-
tracy, to wit:  Those which are Legislative to
one; those which are Executive to another, and
those which are Judicial to another; and no

> person, or collection of persons, being of
> one of these departments, shall exercise any
> power properly attached to either of the
> others, except in the instances herein ex-
> pressly permitted." (Emphasis added)

In view of the prohibition contained in Section 1 of Article II of the Constitution above quoted, it is necessary that we first determine whether the provisions of Article 861b of Vernon's Penal Code is an attempt to exercise managerial functions (an exclusive power of the Executive Department of Government) as distinguished from a law making function (an exclusive power of the Legislative Department of Government).

It is noted that in enacting the provisions of Article 861b, the Legislature did not attempt to state how any particular building or structure would be erected or maintained; rather the Legislature was providing by law the limits of power to construct, build, erect or maintain certain buildings. Therefore, it is our conclusion that Article 861b of Vernon's Penal Code constitutes an exercise of Legislative function rather than an Executive function of government and in this respect is constitutional because it is not an attempt by the Legislature to itself "exercise" an executive power. We need not discuss the phrase "without the prior express consent of the Legislature".

The State Board of Control is a statutory board, created by Title 20 of the Revised Civil Statutes of Texas of 1925, as amended, and, therefore, exercise only statutory powers. Therefore, we are not confronted with the question of whether the provisions of Article 861b attempts to limit the exercise of powers granted by the Constitution of Texas to officers and boards created by the Constitution and we express no opinion thereon.

The proposed change contemplated in your request will require the laying of additional paving on the Capitol grounds as defined by Article 861b, Vernon's Penal Code. Furthermore, it will require the removal and reinstallation of an existing structure (ornamental granit columns) on the Capitol grounds. Therefore, such proposed change is in direct contravention to the express provisions of Article 861b. Since the proposed change is providing for paved access to the Capitol grounds, the only remaining question is whether such proposed change will fall within the proviso above quoted.

It is our opinion that the proviso will not negate the express prohibition of laying additional paving on the Capitol grounds, for when a statute expresses a purpose, and afterwards an inconsistent particular is expressed, the latter is to be regarded as an exception to the former, and both are permitted to stand.  39 Tex. Jur., Statutes, Section 101, page 191.

In our opinion the proposed change will contravene the provisions of Section 1 of Article 861b.  Therefore, in answer to your specific questions you are advised:

1.  The State Board of Control does not have the authority to modify the entrance to the Capitol drives to conform with the proposed design indicated by the attached map or plat to your request.

2.  Article 861b, Vernon's Penal Code, prohibits such modification of the entrance way.

3.  Article 667, Vernon's Civil Statutes, providing that the Board of Control shall have charge and control of the halls, chambers and committee rooms of the State Capitol Building, and Article 670, authorizing the Board of Control to prepare plans and specifications for the improvements and repairs of public buildings or property of the State and to supervise the construction of said work, have no application to the facts presented in your request.

4.  The Board of Control does not have full authority to proceed to make modifications of the drives involved in your request.

This opinion is not to be construed as passing upon the validity of the Penal provisions contained in Sections 2 and 3 of Article 861b, Vernon's Penal Code.

## SUMMARY

The State Board of Control is prohibited by the provisions of Section 1 of Article 861b of

Vernon's Penal Code from making
any modification of the drives
into or from the Capitol grounds
which will call for the laying of
additional pavement.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Leonard Passmore

Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert